IN THE UNITED STATES DISTRICT

COURT FOR THE EASTERN DISTRICT

OF TEXAS TEXARKANA DIVISION

| | | |
|---|---|---|
| PATRICK McFEELY | § | |
| v. | § | CIVIL ACTION NO. 5:22cv111 |
| DIRECTOR, TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The Petitioner Patrick McFeely, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this petition for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

**I.   Procedural Background**

Petitioner was convicted by a jury in the 8th Judicial District Court of Franklin County, Texas of the offense of continuous sexual abuse of a child under the age of 14. On June 28, 2016, he received a sentence of life in prison. (Dkt. No. 16-3, p. 6). At the conclusion of trial, the court explained Petitioner's right of appeal to him, and Petitioner stated that he wished to waive his appeal. (Dkt. No. 16-9, pp. 22, 39-40).

On August 13, 2018, Petitioner signed his state habeas corpus petition, which was filed in the state court on August 22, 2018. This petition asserted that: (1) the trial court knew about Petitioner's brain damage and failed to suggest on its own motion that Petitioner was incompetent mto stand trial;[1] (2) Petitioner received ineffective assistance when counsel failed to investigate the issue of competency, failed to investigate the facts of the case, and failed to seek outfavorable witnesses or evidence; (3) the prosecution failed to disclose favorable evidence; and (4) Petitioner

---

[1] The record shows that upon his arrest, Petitioner shot himself in the head and was hospitalized. (Dkt. No. 16-7, p. 6; 16-3, pp. 26-27).

1

waived his right to testify and to appeal without anyone attempting to confirm whether or not he was competent to do so. Petitioner's state habeas application was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court without a hearing and on the court's independent review of the record on March 9, 2022. (Dkt. No. 16-17, p. 1).

Petitioner signed his original federal habeas petition on July 11, 2022. He then filed an amended petition on January 30, 2023. This amended petition (Dkt. No. 17-1) is the operative pleading in the case.

In his amended petition, Petitioner argues that: (1) he received ineffective assistance of counsel; (2) the trial court failed to conduct an inquiry into his competency to stand trial; (3) the state suppressed favorable evidence and witnesses; and (4) Petitioner is actually innocent, which he says is a "gateway" claim to allow him to present his petition in federal court despite the statute of limitations. Petitioner argued in an "incompetency affidavit" attached to his original petition that he had suffered a brain injury from a failed suicide attempt and then received further brain trauma while undergoing surgery at East Texas Medical Center; he said that he sought state and federal habeas corpus relief as soon as he achieved the level of cognition which allowed a rational and reasonable understanding of the right to seek post-conviction relief.

The Respondent has filed an answer arguing that the petition is barred by the statute of limitations.  The Respondent contends that Petitioner failed to provide any documentation regarding the alleged lasting effects of his brain injury or that the injury actually affected his ability to file his federal habeas petition. The Respondent also asserts that Petitioner's actual innocence claims aredirected at the legal sufficiency of the evidence rather than his factual innocence, and that in any event none of the evidence to which Petitioner points was newly discovered.

Petitioner did not file a reply to the answer. He has filed a motion for leave to file a second amended petition, saying that he wants to drop the claim of withholding exculpatory evidence but reserving the right to reassert it in the future. He also refers to a Confrontation Clause claim and wishing to file an amended brief. However, Petitioner did not attach a proposed copy of his second

amended petition to his motion for leave to amend.

Petitioner has also filed a motion to stay or abate his case, saying that he has recently discovered that Article 11.07(4)(2) of the Texas Code of Criminal Procedure provides an exception to the automatic denial of successive habeas petitions through a miscarriage of justice exception. Petitioner asks that his case be stayed so that he can return to state court and "use the state's gateway to allow the state the opportunity to correct the constitutional violations that resulted in the conviction of an innocent man before moving forward in the federal system if necessary." The motion to amend and motion to stay will be discussed below.

## II. Discussion

### A. The Law of Limitations

The statute of limitations, set out in 28 U.S.C. §2244(d), reads as follows:

**(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### B. Application of the Law to the Facts

Petitioner was convicted on June 28, 2016, and did not take a direct appeal. Consequently, his conviction became final at the expiration of his time to do so. 28 U.S.C. §2244(d)(1)(A); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Texas law provides that in a criminal case,

a notice of appeal must be filed within 30 days after sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order, or within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. Tex. R. App. P. 26.2; *see Williams v. State*, 603 S.W.3d 439, 448 (Tex.Crim.App. 2020). Petitioner did not file a motion for new trial, and so his conviction became final on Thursday, July 28, 2016. His limitations period began to run at that time and expired on Friday, July 28, 2017, absent the operation of other factors.

In this regard, Petitioner does not point to any state-created impediments which allegedly prevented him from seeking habeas corpus relief in a timely manner. Nor does he contend that he is asserting a right which has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Although Petitioner did file a state habeas corpus petition, this petition was signed on August 13, 2018, over a year after the limitations period had expired. The Fifth Circuit has held that a state habeas petition filed after the federal limitations period has expired does not revive any portion of that period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999). Consequently, Petitioner's state habeas petition did not toll any portion of the federal limitations period, which expired on July 28, 2017.

C.  <u>Actual Innocence</u>

While a "persuasive showing" of actual innocence can serve as a gateway through which a petitioner may pass to evade the statute of limitations, *see McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), the petitioner does not meet the threshold requirement of actual innocence unless he shows that in light of newly discovered evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006), the Supreme Court stated that examples of such "new reliable evidence" include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial.

Thus, the actual innocence exception is limited to cases in which the petitioner shows, as a factual matter, that he did not commit the crime of conviction. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

Petitioner says that on the second Sunday in May, 2009, Child Protective Services and a Franklin County sheriff's deputy arrived at Petitioner's home and took the alleged victim (A.V.) and her brother into custody. They were taken to Hopkins County Memorial Hospital, where A.V. had a SANE examination (i.e. conducted by a sexual assault nurse examiner).

According to Petitioner, the nurse noted that she found nothing to suggest sexual abuse and that A.V. denied having been abused. However, Petitioner contends that the State suppressed this report and did not make it known to the defense, and it is now newly discovered evidence.

After the examination, Petitioner states that CPS took A.V. to the Child Advocacy Center in Winnsboro for a forensic interview. At this interview, A.V. again denied being abused. The next day, the mother took A.V. to a pediatrician named Dr. Chapman, who said that he found nothing to worry him and that everything was noted in the medical chart. A.V. and her brother began seeing a counselor named Deborah Wilson in 2009, and Wilson reassured the mother that she had not discovered anything to concern her. Petitioner contends that Wilson and the mother gradually developed a personal relationship as friends, and that this fact created a bias which was unexplored, amounting to newly discovered evidence.

Six and a half years later, in January of 2016, Petitioner says that A.V.'s mother made an outcry that A.V. had been sexually abused. The mother took A.V. to the Child Advocacy Center for another forensic interview. Petitioner says that the 2009 and the 2016 interviews were given to counsel, and he was able to watch these with counsel. He says that the mother had made allegations of sexual abuse on at least two other occasions, which allegations also amount to newly discovered evidence.

The indictment charged Petitioner with acts of sexual abuse from October through December of 2015. (Dkt. No. 16-3, p. 5). Neither the interview from 2009 in which A.V. denied abuse, or the medical records from 2009 indicating that no signs of abuse were found - even if these

5

items were newly discovered - are evidence in light of which no juror could have voted to find Petitioner guilty of incidents occurring in 2015. The alleged newly discovered evidence that Wilson and the mother had a personal relationship, or that the mother had made previous allegations of sexual abuse, does not amount to evidence of factual innocence even if true. Petitioner has not pointed to any new, reliable evidence showing that he is factually innocent of the offense or in light of which no reasonable juror could have voted to convict him. He has failed to make a persuasive showing of actual innocence to evade the operation of the statute of limitations.

D.  Equitable Tolling

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). In making this determination, the Fifth Circuit has held that proceeding *pro se*, illiteracy, deafness, lack of legal training, and unfamiliarity with the legal process are insufficient reasons for equitable tolling of the statute of limitations. *Felder*, 204 F.3d at 173; *see also Fisher v. Johnson*, 174 F.3d 710, 713 n.11 (5th Cir. 1999). The petitioner has the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on rehearing*, 223 F.3d 797 (5th Cir. 2000).

Petitioner argues that he suffered a brain injury as a result of the failed suicide attempt and states that he sought habeas corpus relief as soon as he reached the level of cognition where he could do so. The Fifth Circuit has acknowledged that mental incompetency could support equitable tolling of the statute of limitations. *See, e.g.*, *Palacios v. Stephens*, 723 F.3d 600, 608 (5th Cir. 2013). However, the court went on to explain that while mental illness *may* toll the statute of limitations, it does not do so as a matter of right; the petitioner still bears the burden of proving rare and exceptional circumstances. *Smith v. Kelly*, 301 F.App'x 375, 377 (5th Cir. 2008), *citing Alexander*

*v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

In this regard, the Fifth Circuit has explained that for mental illness or impairment to warrant equitable tolling, the petitioner must make a threshold showing of incompetence and must show that this incompetence affected his ability to file a timely habeas petition. *Jones v. Stephens*, 541 F.App'x 499, 505 (5th Cir. 2013). The petitioner must present sufficient facts to show that the mental illness or impairment precluded him from asserting his rights. *Smith v. Johnson*, 247 F.3d 240 at *2 (5th Cir. 2001). Conclusory allegations of incompetence or mental illness are not sufficient. *Smith v. Kelly*, 301 F.App'x at 378; *see also United States v. Valles*, slip op. no. 19-50343, 2023 U.S. App. LEXIS 1128, 2023 WL 248889 (5th Cir., January 18, 2023).

In *Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003), the petitioner argued for the first time in his application for a certificate of appealability that he is entitled to equitable tolling because he was hospitalized 13 times during the one-year limitations period. The Fifth Circuit rejected this contention, determining that the petitioner "has not supplied the necessary details concerning his hospitalizations, such as when and for how long and at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file his § 2254 application in a timely manner." *Accord, Hendershott v. Strong,* 753 F.App'x 320, 321 (5th Cir. 2019) (rejecting claim of equitable tolling based on knee surgery and trips to a hospital and mental facility because the petitioner failed to provide sufficient details to state a claim that he experienced more than brief periods of incapacity or that these periods warranted equitable tolling). In the "incompetency affidavit" attached to the original petition (Dkt. No. 1-1, p. 6), Petitioner says that he sustained "significant near fatal brain damage to several areas of the right frontal lobe" in a failed suicide attempt upon his arrest in January of 2016. As a result, he was subjected to further trauma to the right frontal lobe while undergoing emergency brain surgery at

7

East Texas Medical Center. He contends that neither his attorney, the prosecutor, nor the trial court ever suggested that a formal or informal evaluation to be done to determine his competency, and that he diligently pursued state and federal habeas corpus relief "as soon as I achieved the level of cognition that allowed a rational and reasonable understanding of the right to seek post-conviction relief."

Petitioner attached four medical records to his state habeas petition. The first of these is the result of a CT head scan on April 17, 2017. This scan found evidence of remote projectile trauma to the right frontal lobe compatible with a history of gunshot injury. (Dkt. No. 16-3, p. 26).

The second record is a TDCJ neurology clinic note dated February 20, 2017. The doctor stated that Petitioner complained of seizures beginning some two to three months after the injury, which occur several times a month. After the injury, he had left hemiparesis (i.e. one-sided muscle weakness) which is nearly resolved with physical therapy. The doctor stated that Petitioner "also has right sided headaches since the gsw [gunshot wound] which occur daily, sometimes are debilitating but mostly he can function, not relieved by any medications." Petitioner denied any new weakness, sensory loss, vision loss, dysarthia [speech disorder] or dysphagia [difficulty swallowing]. (Dkt. No. 16-3, p. 27).

The third record is a TDCJ treatment plan for psychiatry chronic care and shows that Petitioner had a scheduled evaluation on July 28, 2016 with the telemed psych clinic for "major depressive disorder, recurrent, moderate." (Dkt. 16-3, p. 28).

The fourth record is progress notes from the TDCJ otolaryngology clinic dated December 6, 2016. This record states that Petitioner is a 40 year old male with a history of a gunshot wound to the head in January of 2016. He received a tracheostomy for prolonged mechanical ventilation, and the trach was changed to a 6-0 Shiley [a brand of tracheostomy tube], which was removed on

November 8, 2016. Petitioner reported that he had experienced no problems with the previous trach site, which has been closing slowly. He denied dysphagia, dyspnea [shortness of breath], and odynophagia [painful swallowing]. (Dkt. No. 16-3, p. 29).

The state court made findings of fact and conclusions of law in connection with Petitioner's state habeas case. These findings state that the trial judge is a former mental health professional and paid particular attention to possible signs of impairment in Petitioner suggesting incompetence resulting from the gunshot wound, and observed no such signs. The court found that despite his self-inflicted gunshot wound, Petitioner was competent to stand trial. (Dkt. No. 16-9, pp. 19-23). The state court's findings of fact are presumed correct and a petitioner can only overcome this presumption through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 471 (5th Cir. 2007).

Petitioner has failed to offer sufficient facts to show that he was unable to present his claims in a timely manner. The state court's unrebutted findings of fact show that Petitioner was competent at the time of trial, in June of 2016. The neurology clinic note in February of 2017 stated that Petitioner had daily headaches but "mostly he could function." Although the July 2016 clinic note indicated that Petitioner was being seen for "major depressive disorder, recurrent, moderate," he offers nothing to suggest that such depressive disorder rendered him unable to pursue his legal rights. *See Valles,* 2023 WL 248889 (rejecting claim of equitable tolling based on petitioner having a nervous breakdown because the petitioner failed to provide detail regarding how that claimed condition affected her ability or caused her inability to file); *see also Smith,* 301 F. App'x at 377.

Petitioner's affidavit makes a conclusory reference to regaining his cognitive faculties, but as in *Roberts* and *Hendershott*, he has not offered sufficient facts to show that any alleged loss of cognitive function caused him to be unable to pursue his rights in a timely manner. This is

9

particularly true given that the evidence shows he was competent at the time of trial in June of 2016 and was mostly able to function eight months later, in February of 2017. In the absence of substantiating facts demonstrating extraordinary circumstances, Petitioner's claim for equitable tolling is without merit.

E.  Other Issues

Petitioner has filed a second motion for leave to amend his petition (Dkt. No. 22), but did not attach a copy of the proposed amended petition, as required by Local Rule 7(k) of the Local Rules of Court for the Eastern District of Texas. As such, the motion for leave to amend cannot be granted.

Additionally, Petitioner says in his motion that he seeks to pare his petition down to three claims of ineffective assistance of counsel and set aside the claim of withholding exculpatory evidence (although saying that he wishes to reserve the right to add this claim back in later). He also mentions adding a Confrontation Clause claim and filing an amended brief. The motion offers nothing to suggest that anything in a second amended petition would not be subject to the limitations bar, and as a result, the second motion for leave to amend is without merit.

Petitioner has also filed a motion to stay his case so that he can return to state court to "allow the state the opportunity to correct the constitutional violations that resulted in the conviction of an innocent man before moving forward in the federal system if necessary." The Supreme Court has explained that federal district courts have the discretion to stay a mixed petition - that is, one which contains both exhausted and unexhausted claims - to allow the petitioner to present his unexhausted claims to the state court in the first instance and then return to federal court for review of his perfected petition. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). The Supreme Court observed that because granting a stay effectively excuses a petitioner's failure to present his claims first to the state

10

courts, a stay is only appropriate when the district court determines that there was good cause for the failure to exhaust in state court. *Id.* at 277. However, a stay is inappropriate where the claims are plainly meritless. *Id.*; *Lave v. Dretke*, 444 F.3d 333, 336 (5th Cir. 2006)

Petitioner's motion for a stay does not identify any unexhausted claims, much less show good cause for his failure to present such claims in his first state habeas petition. He has not shown an adequate basis for a stay. More significantly, Petitioner's federal habeas claims are plainly meritless because they are barred by limitations. *See Fenlon v. Thaler*, civil action no. 4:11cv1385, 2011 U.S. Dist. LEXIS 145312, 2011 WL 6326099 (S.D.Tex., December 16, 2011) (denying a stay because the petitioner's claims were time-barred), *citing Lave*, 444 F.3d at 336; *Tumbwe v. Thaler*, civil action no. 3:12cv1723, 2012 U.S. Dist. LEXIS 171160, 2012 WL 5987579 (N.D.Tex., September 5, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 170131, 2012 WL 5990764 (N.D.Tex., November 28, 2012) (explaining that petitioner's claims are "plainly meritless because they are untimely.") A stay is inappropriate for this reason as well, and petitioner's request for a stay is without merit.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as barred by the statute of limitations. 28 U.S.C. §2244(d).

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 23rd day of April, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE