IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| PATRICK McFEELY | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 5:22-CV-111-RWS-JBB |
| DIRECTOR, TDCJ-CID, | § § | |
| Respondent. | § § § | |

## ORDER

Before the Court is Petitioner Patrick McFeely's petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the legality of his conviction. The case was referred to United States Magistrate Judge Boone Baxter pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge issued a Report recommending that Petitioner's writ of habeas corpus be dismissed with prejudice as barred by the statute of limitations under 28 U.S.C. § 2244(d). Docket No. 26. Petitioner filed timely objections. Docket No. 27.

**I. Background**

On June 28, 2016, Petitioner was convicted of continuous sexual abuse of a child under the age of 14 receiving a sentence of life in prison. Docket No. 16-3 at 6–7. He waived direct appeal but sought habeas corpus relief in state court in a petition. *Id.* at 8–25. This petition was denied without written order by the Texas Court of Criminal Appeals. Docket No. 16-17. Petitioner then filed this federal petition for writ of habeas corpus. Docket Nos. 1, 17.

In his amended petition, Petitioner contends that he received ineffective assistance of counsel, the trial court failed to conduct an inquiry into his competency to stand trial, the state

suppressed favorable evidence and witnesses, and he is actually innocent—which he says is a "gateway claim" allowing him to present his petition despite the statute of limitations. Docket No. 17. Petitioner also argues that he suffered a brain injury from a failed suicide attempt and received further brain trauma while undergoing surgery and contends that he sought state and federal habeas corpus relief as soon as he achieved the level of cognition allowing a rational and reasonable understanding of the right to seek post-conviction relief. *Id.*

Respondent filed an answer arguing that the petition is barred by the statute of limitations. Docket No. 21 at 4. Respondent maintained that Petitioner failed to provide any documentation regarding the alleged lasting effects of his brain injury or that the injury actually affected his ability to file his federal habeas corpus petition. *Id.* at 10. Respondent further asserted that Petitioner's actual innocence claims are directed at the legal sufficiency of the evidence rather than factual sufficiency and that none of the evidence to which Petitioner pointed in support of his claim of actual innocence was newly discovered. *Id.* at 12–16.

Petitioner did not file a response to the answer, instead filing a motion for leave to amend his petition stating that he wishes to drop the claim of withholding exculpatory evidence, while reserving the right to reassert it in the future. Docket No. 22. Petitioner further referred to a Confrontation Clause claim and asked the Court for leave to file an amended brief—but he did not attach a copy of his proposed amended petition. *See generally id.* He also filed a separate motion to stay or abate his case, saying that he has recently discovered that the Texas Code of Criminal Procedure has a miscarriage of justice exception to the rule of automatic denial of successive habeas petitions. Docket No. 25. He asked that his case be stayed so that he can return to state court to correct the alleged constitutional errors. *Id.*

## II. The Report of the Magistrate Judge

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that the petition be dismissed with prejudice as barred by the statute of limitations. Specifically, the Magistrate Judge stated that Petitioner was convicted on June 28, 2016. Because Petitioner did not take a direct appeal, his conviction became final at the expiration of his time to do so—on July 28, 2016. Accordingly, his one-year statute of limitations period to seek federal habeas corpus relief expired on July 28, 2017, absent the operation of other factors.

The Magistrate Judge stated that Petitioner did not point to any state-created impediments preventing him from seeking habeas corpus relief in a timely manner, nor did he contend that he is asserting a right which has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Docket No. 26 at 3–4; *see also* 28 U.S.C. § 2244(d). While Petitioner did file a state habeas corpus petition, he did so after his federal limitations period had expired. The Magistrate Judge observed that under Fifth Circuit precedent, a state habeas petition filed after the federal limitations period has expired does not revive any portion of that period. Docket No. 26 at 4 (citing *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)). Thus, the Magistrate Judge reasoned that Petitioner's state habeas petition did not affect his federal limitations period.

Petitioner contended that he had a colorable claim of actual innocence, which can serve as a gateway through which he may pass to evade the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, the Magistrate Judge's Report observed that in order to set out a colorable showing of factual innocence for this purpose, the petitioner must show that in light of newly discovered evidence, no reasonable juror would have voted to find him guilty beyond a reasonable doubt. Docket No. 26 at 4–5 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Such

new reliable evidence could include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness account, or critical physical evidence which was not presented at trial. *Id.* (citing *House v. Bell*, 547 U.S. 518, 538 (2006)). The Magistrate Judge further explained that the actual innocence exception is limited to cases in which the petitioner shows, as a factual matter, that he did not commit the crime of conviction. *Id.* (citing *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

To support his claim of actual innocence, Petitioner pointed to an examination of the alleged victim (A.V.) by a sexual assault nurse examiner in 2009—which disclosed no signs of sexual abuse—and a report in which the nurse examiner said that A.V. denied having been abused. Petitioner added that A.V. again denied abuse at an interview shortly after this examination. Petitioner further stated that A.V. and her brother began seeing a counselor named Wilson in 2009, and Wilson reassured A.V.'s mother that she had not discovered anything to concern her. Wilson and the mother gradually developed a personal relationship as friends, which Petitioner asserted created a bias which was not explored at trial, amounting to newly discovered evidence.

The indictment charged Petitioner with acts of sexual abuse from October through December of 2015. Docket No. 16-3. Thus, the Magistrate Judge stated that examinations or interviews which took place in 2009, even if they were in fact newly discovered, were not evidence in light of which no juror could have voted to find Petitioner guilty of events occurring in 2015. Docket No. 26 at 5-6. Further, the Magistrate Judge determined that the alleged personal friendship between A.V.'s mother and the counselor, even if true, is not evidence of factual innocence. *Id.* Because Petitioner did not point to any new, reliable evidence showing that he is factually innocent or in light of which no reasonable juror would have voted to convict him, the Magistrate Judge concluded that

Petitioner's claim of actual innocence failed to set out a basis upon which he could evade the statute of limitations. *Id.*

The Magistrate Judge next turned to Petitioner's claim of a brain injury, acknowledging that the limitations period could be equitably tolled in rare and exceptional circumstances. *Id.* at 6-10. While mental incompetency can toll the statute of limitations, however, it does not do so as a matter of right. Rather, the petitioner still bears the burden of proving rare and exceptional circumstances. *See Smith v. Kelly*, 301 F. App'x 375, 377 (5th Cir. 2008). To do so, the petitioner must make a threshold showing of incompetence and demonstrate that the incompetence affected his ability to file a timely habeas petition. *Jones v. Stephens*, 541 F. App'x 499, 505 (5th Cir. 2013). Conclusory allegations of incompetence or mental illness are not sufficient; the petitioner must present facts showing that the mental illness or incompetence precluded him from asserting his rights. *Smith v. Johnson*, 247 F.3d 240 (5th Cir. 2001) (unpublished); *see also Kelly*, 301 F. App'x at 378.

In this regard, the Magistrate Judge cited *Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003), in which the Fifth Circuit rejected a claim of equitable tolling based on a claim of 13 hospitalizations during the one-year limitations period. Docket No. 26 at 7–8. In *Roberts*, the court explained that the petitioner had not supplied details concerning his hospitalizations to allow a determination of whether it could have interfered with his ability to seek habeas corpus relief in a timely manner. *Id.* The Magistrate Judge also cited *Hendershott v. Strong*, 753 F. App'x 320, 321 (5th Cir. 2019), in which the Fifth Circuit rejected a claim of equitable tolling based on knee surgery and trips to a hospital and mental facility because the petitioner failed to furnish sufficient details to show that equitable tolling was warranted. *See* Docket No. 26 at 7–8.

Turning to the facts here, the Magistrate Judge observed that the state court found as a fact that Petitioner was competent to stand trial in June of 2016. Docket No. 26 at 8–9. Medical records

furnished by Petitioner showed that in February of 2017, he had daily headaches but "mostly he could function." *Id.* Although he was seen in July of 2016 for "major depressive disorder, recurrent, moderate," he offered nothing to suggest that this disorder rendered him unable to pursue his legal rights. *Id.* Because Petitioner failed to offer sufficient facts or details to show that his alleged incompetence precluded him from asserting his rights, the Magistrate Judge determined that Petitioner was not entitled to equitable tolling of the statute of limitations.

Although Petitioner filed a motion for leave to amend his complaint, the Magistrate Judge stated that Petitioner did not attach a copy of his proposed amended complaint to his motion as required by Local Rule 7(k) of the Local Rules of Court for the Eastern District of Texas. *Id.* at 10. In addition, the motion did not suggest any reason why the claims raised in the proposed amended complaint would not be subject to the limitations bar. *Id.*

Petitioner also filed a motion to stay or abate his case so he could return to state court, but the Magistrate Judge stated that the motion for a stay did not identify any unexhausted claims, much less show good cause for his failure to present these claims in his first state habeas petition. *Id.* at 10–11 (citing *Rhines v. Weber*, 544 U.S. 269, 275 (2005), and then citing *Lave v. Dretke*, 444 F.3d 333, 336 (5th Cir. 2006)). Finally, the Magistrate Judge recommended that Petitioner's federal habeas claims are meritless as barred by the statute of limitations—rendering a stay inappropriate. *Id.*

### III. Petitioner's Objections

In his objections, Petitioner complains that the Magistrate Judge addressed his motion to amend and motion to stay in the same Report rather than in separate orders, giving him no recourse to resolve the deficiencies and re-urge their consideration. Docket No. 27. Petitioner says that this forced him to rely on a "flawed operative petition" which he sought leave to amend prior

to the Report. *Id*. Petitioner asks that the Report be rejected so that the issues can be resolved in a fair and just manner based on all information, and not just the flawed petition which Petitioner sought to correct. Petitioner, however, has had ample time since the Report issued in which to file an amended petition but has not done so. In addition, Petitioner does not explain how an amended petition would alter his claims, nor does he offer anything to suggest that the claims presented in an amended petition would *not* be barred by the statute of limitations. Petitioner's objections do not address—much less controvert—the Magistrate Judge's determination that his claims are barred by the statute of limitations. Accordingly, Petitioner's objections offer no basis for rejecting the Magistrate Judge's proposed findings and recommendations.

### IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge (Docket No. 26) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-captioned petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as barred by the statute of limitations. It is further

**ORDERED** that a certificate of appealability is denied *sua sponte*.

**So ORDERED and SIGNED this 6th day of August, 2024.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE